AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>1888 Miles Road, Cincinnati, Ohio 45231 | )<br>)<br>)<br>)<br>)<br>)    Case No. **1:23-MJ-00848** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A1 to Affidavit.

located in the _____ Southern _____ District of _____ Ohio _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B to Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 841(a)(1) and 846 | Drug Trafficking and Drug Trafficking Conspiracy |

The application is based on these facts:

See Affidavit of SA Jake Forrester.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

JACOB FORRESTER
Digitally signed by JACOB FORRESTER
Date: 2023.10.20 12:52:19 -04'00'

*Applicant's signature*

Jake Forrester, SA, DEA

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ FaceTime video conference _____ *(specify reliable electronic means)*.

Date: **Oct 20, 2023**

Hon. Stephanie K. Bowman, U.S. Magistrate Judge

*Judge's signature*

Stephanie K. Bowman

*Printed name and title*

City and state: Cincinnati, Ohio

## ATTACHMENT A1
### (Property to be Searched)

This warrant authorizes the search of the residence located at 1888 Miles Road, Cincinnati, OH 45231, described as single-story single-family residence. The exterior of the residence is tan and the roof is tan. The residence includes a driveway on the left side of the residence.

The authorization to search includes any safes or other containers found, locked or unlocked; any storage areas, garages, or outbuildings, Ivan PEEPLES; and the front and rear yard areas. 1888 Miles Road, Cincinnati, OH 45231 is pictured below:



**ATTACHMENT B**
**(Property to be Seized)**

The items to be seized are evidence, contraband, fruits, and instrumentalities related to violations of 21 U.S.C. §§ 841(a)(1) and 846, including:

(a) Any and all controlled substances;

(b) Cash;

(c) Narcotics or money ledgers, customer lists of narcotics distributions, narcotic supplier lists, correspondence, notations, logs, receipts, journals, books, records and other documents (including computer disks) noting the price, quantity, and/or times when narcotics were obtained, transferred, sold, distributed, and/or concealed;

(d) Books, records, receipts, computer storage media, electronic information storage devices, printers, computers, bank statements and records, wire transfer records, money drafts, letters of credit, money order and cashier's check receipts, passbooks, bank checks, accounting of expenditures made and payments received, safe deposit box keys and records, money wrappers, rubber bands, money containers, safes, financial records, and notes showing payments, receipt, concealment, transfer, or movement of assets generated from the sale of false identifications and or narcotics;

(e) Cellular telephones, beepers, personal telephone and address books, listings, letters, cables, telegrams, telephone bills, including cellular telephone and beeper bills, fax messages, fax logs, telephone message records, telephone electronic storage devices, personal notes, photographs, calendars, diaries and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates in drug trafficking and money laundering activities;

(f) Financial instruments purchased with large amounts of currency derived from the sale of controlled substances and/or money laundering, including jewelry, vehicles, traveler's checks, bonds, stock certificates, cashier's checks, money orders, certificates of deposit, money counting machines, money wrappers, boxes, bags, briefcases, suitcases or containers used to carry currency or controlled substances;

(g) Drug paraphernalia, scales, measuring devices, weighing devices, cutting agents, glass ware, narcotics packaging materials, and other items used in relation to drug trafficking;

(h) Firearms, firearms magazines and attachments, and ammunition.

(i) Records, documents and deeds reflecting the purchase or lease of real estate, vehicles, or other items obtained with the proceeds of the sales of controlled substances and/or money laundering;

(j) Records, items and documents reflecting travel for the purpose of participating in narcotics trafficking, including passports, airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to locations;

(k) Photographs and electronic images, such as video recordings and tape recordings which document the association with other co-conspirators;

(l) Indicia of occupancy, residency or ownership of the premises, namely, utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, and escrow documents.

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Jacob T. Forrester, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises and property listed below, further described in Attachments A1-A5, for the items described in Attachment B, which constitute contraband; evidence of a crime; and property designed for use/intended to be used/used in committing a crime, concerning drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2.     I am a Special Agent with the U.S. Drug Enforcement Administration (DEA) and have been since April 2022. I am currently assigned to the Cincinnati Resident Office of the DEA. I received specialized training from the DEA, including the 17-week Basic Agent Training course. This training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate drug violations.

3.     As a DEA Agent, I have participated in all aspects of drug investigations, including physical surveillance, installation and monitoring of GPS devices, execution of

search warrants, arrests of drug traffickers, and Title-III wiretap investigations. I have participated in the execution of numerous search warrants seeking evidence of violations of the Federal Controlled Substances Act (Title 21 of the United States Code). These warrants covered the search of locations such as residences of drug traffickers and their co-conspirators/associates, drug manufacturing operations, and stash houses used as storage and distribution points for controlled substances. I have also participated in the execution of search warrants for electronic devices and information, such as search warrants for mobile telephones, and GPS tracking devices.

4.      By virtue of my involvement in these investigations, I have become familiar with the various means and mechanisms used by drug traffickers to import and distribute controlled substances and to remain at large without being detected by law enforcement. I am familiar with the fact that drug traffickers make tremendous profits through drug trafficking, and require large amounts of currency to operate surreptitiously. In this regard, I have obtained and participated in the execution of numerous search warrants in which I have seized ledgers, notebooks, papers, and other related record-keeping instruments, all of which have been used to record multiple narcotics and related money laundering transactions.

5.      I have been involved in interviewing individuals post-arrest, defendants in conjunction with post-arrest proffers, confidential informants, and other non-defendant individuals with knowledge of illegal drug trafficking. During such interviews and through discussions with other experienced agents, I have become familiar with the day-to-day operations of distributors and transporters of controlled substances. I have gained

2

knowledge regarding the various methods, techniques, codes, and/or jargon used by illegal drug traffickers in the course of their criminal activities. This includes information about the packaging and preparation of narcotics, methods in which illicit drugs are smuggled, transported, and distributed, and security measures commonly employed by narcotics traffickers. These security measures include the use of firearms to protect their narcotics-related activities, and the use of cellular telephones, pagers, and personal digital assistants to facilitate communications while attempting to avoid law enforcement scrutiny.

6. As a result of my participation in these and other activities, I have gained particular knowledge in the use of confidential informants, physical surveillance, consensual recordings, investigative interviews, garbage searches, pole-mounted cameras, and GPS tracking devices. Based on my training and experience, GPS tracking devices aid law enforcement in the investigation and detection of illegal drug trafficking by enabling agents to analyze the suspected trafficker's travel patterns. GPS data can aid law enforcement in identifying co-conspirators as well as stash houses, which are residences where contraband and instrumentalities of drug trafficking, such as firearms and drug paraphernalia, are stored.

7. In addition to using these and other investigative techniques, I have analyzed information from traditional record sources, such as financial records, utility records, and telephone toll and subscriber records. I have also analyzed nontraditional record sources such as the informal ledgers routinely maintained by narcotics traffickers. These informal ledgers, commonly referred to as pay-owe sheets, list amounts of drugs received from sources and distributed to customers and the amounts of money received from customers

3

and owed to sources. I have also gained experience in the identification and collection of drug and non-drug evidence, and the analysis and interpretation of taped conversations obtained by the methods detailed above.

8.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

9.     On November 14, 2022, agents from the Cincinnati DEA district office seized approximately $313,775.00 from a passenger travelling from the Cincinnati International Airport (CVG) to Los Angeles.  Agents discovered that the passenger, subsequently identified as Bin LIU, was arrested earlier that year in California for giving/transporting marijuana.  During questioning, LIU admitted to agents that the money was proceeds of drug trafficking.  He further explained to agents that he travels to Cincinnati to pick up money from marijuana sales every couple of weeks and has been doing so for approximately one year.  A K-9 subsequently indicated to the presence of narcotic odor on the some of the currency seized from LIU.

10.    During a consensual search of LIU's cell phone, officers discovered evidence of marijuana trafficking, including pictures of bulk currency, photos and videos of bulk marijuana, and text messages, drug ledgers, and notes indicative of marijuana trafficking. LIU identified (626) 493-7481 as the call number for his cell phone ("LIU's NUMBER").

11.    Some of the pertinent marijuana trafficking text messages were between LIU and a contact associated with call number (513) 441-4286.  That call number is identified on LIU's phone as "Scott/MJ &Chsrles" with a listed address at 8588 Sunlight Drive,

4

Cincinnati, Ohio 45231 ("8588 Sunlight Drive").  The messages between LIU and "Scott/MJ &Chsrles" include photos/videos of suspected marijuana, detailed transaction receipts, travel information, and tracking numbers consistent with narcotic distribution.  As set forth below, through databases available to law enforcement, I believe Ivan Scott PEEPLES (DOB: 10-XX-1970; SSN: XXX-XX-3791) uses the phone with call number (513) 441-4286.  Based on the marijuana trafficking messages in LIU's phone, I further believe LIU supplies marijuana to PEEPLES.

12.	PEEPLES has a history of drug trafficking and drug-related offenses. In 2019, a cooperating defendant in a separate DEA investigation identified PEEPLES as a multi-kilogram fentanyl dealer using the phone number (513) 441-4286 (hereinafter "PEEPLES' NUMBER").  The picture associated with the contact in LIU's cell phone appears to be PEEPLES.  Although the subscriber for PEEPLES' NUMBER is TAMARA STEWART, with subscriber address of 8588 Sunlight Drive, my investigation revealed that STEWART appears to be romantically connected to PEEPLES. Open-source social media inquiries of PEEPLES reveal photographs and videos of PEEPLES and STEWART that indicate they are in a relationship. Based on my training and experience, drug dealers commonly enlist the assistance of trusted third parties, such as girlfriends, to obtain cell phones and services.

13.	As part of the investigation, agents obtained a ping warrant for PEEPLES' NUMBER.  I reviewed the data received in response to the ping warrant and identified 1888 Miles Road, Cincinnati Ohio 45231 ("1888 Miles Road") as a potential residence for PEEPLES.  Ping records for the period of March 31, 2023, through the present show that

5

PEEPLES is frequently present at 1888 Miles Road.  Open-source social media inquiries of PEEPLES reveal photographs and videos of PEEPLES at 1888 Miles Road, as well as 8588 Sunlight Drive. Agents have physically observed PEEPLES at 1888 Miles Road multiple times while conducting physical surveillance.

14.      On the morning of April 21, 2023, I observed PEEPLES exit Miles Road in a blue Cadillac Escalade bearing a vanity license plate of "MONIEX3" (the "Target Escalade").  The Target Escalade is registered to STEWART at the 8588 Sunlight address.

15.      Ping records for PEEPLES' NUMBER show that at approximately 11:01 a.m., the Target Escalade returned to the area of 1888 Miles Road.  Agents conducting surveillance at the residence observed the Target Escalade parked at the rear of the residence near a blue Chevrolet Corvette (the "Target Corvette").  Shortly thereafter, an officer observed the Target Corvette exit the 1888 Miles Road's driveway.  Agents followed the Target Corvette and discovered that it too had a vanity license plate that read "NEWNESS."  The Target Corvette is also registered to STEWART with the same 8588 Sunlight Drive address. Agents were unable to observe the operator of the Target Corvette due to the dark tint of the vehicle's windows.

16.      At approximately 11:30 a.m., a DEA task force officer observed the Target Corvette pull into the Kroger located at 7132 Hamilton Avenue, Cincinnati, Ohio. Ping records for PEEPLES' NUMBER confirm that the cell phone was within the radius of the Kroger at this time.  The Target Corvette pulled up next to a gray Infiniti G35X, and the operator of the Target Corvette positioned the vehicle so that the driver's side window of the vehicle would be within arm's reach of the driver's side window of the Infiniti.  The

6

interaction between the two drivers lasted less than a minute before both vehicles exited the Kroger parking lot.  Based on my training and experience, this behavior is consistent with a drug transaction.

17.     A North College Hill police officer subsequently conducted a traffic stop of the gray Infiniti G35X.  The driver and sole occupant of the vehicle, William BUTLER, admitted that he possessed marijuana in his vehicle.  The officer searched the vehicle and seized two Ziploc-style bags containing marijuana and a glass mason jar of marijuana.   In gross, the marijuana weighed approximately 250 grams.

18.     As part of my investigation, I obtained a search warrant for the iCloud account associated with LIU's NUMBER ("LIU's iCloud").  During a search of LIU's iCloud, I located evidence that LIU identifies the marijuana that he sells by product names, including "GH Biscotti" and "MAC1."  The Ziploc-style bags containing marijuana seized from BUTLER were labeled "Premium Biscotti."  Based on the facts and circumstances, I believe LIU likely supplied PEEPLES marijuana he then sold to BUTLER.

19.     In my review of LIU's iCloud, I discovered numerous messages between LIU's NUMBER and PEEPLES' NUMBER in which UPS tracking numbers (with photographs) were exchanged.   I also found numerous messages in which the two discussed grades/types of marijuana that PEEPLES apparently purchased from LIU.

20.     As part of my investigation, I requested the shipment history from UPS for some of the tracking numbers found on LIU's iCloud.  At least one of the UPS tracking numbers is associated with a delivery to 8588 Sunlight Drive.  In May 2023, a UPS package weighing 26.10 pounds was shipped from a UPS store in San Gabriel, California to 8588

7

Sunlight Drive. I know from my investigation that LIU resides just two miles from this UPS store. The package arrived at 8588 Sunlight Drive on May 22, 2023. Two days later, on May 24, 2023, agents conducted a trash pull at 1888 Miles Road, and seized approximately 30 large plastic vacuum-sealed bags and six Ziploc bags, some of which contained marijuana residue and odor. Based on the facts and circumstances, I believe PEEPLES used 8588 Sunlight Drive to receive marijuana that he then transported to 1888 Miles Road for processing and distribution. Based on my training and experience, I know that drug traffickers often use a stash house separate from their primary residence to store and receive drugs to create a level/layer of insulation.

21.     On June 7, 2023, agents conducted surveillance at 1888 Miles Road. Agents observed PEEPLES exit the driveway of the residence in the Target Corvette and followed PEEPLES into the Over the Rhine neighborhood of Cincinnati. "Over The Rhine" is known by law enforcement as a high crime area known for drug trafficking and violent offenses. After arriving in Over the Rhine, agents observed PEEPLES block an intersection as an unknown black male approached the driver's side door of the Target Corvette. After a brief meeting during which PEEPLES never exited the Target Corvette, agents observed the unknown black male leave the area "cupping" something in his hand. Based on the facts and circumstances, I believe PEEPLES likely engaged in a drug transaction with the unknown black male.

22.     Agents subsequently surveilled PEEPLES as he returned to 1888 Miles Road. At approximately 3:22 p.m., agents observed PEEPLES pull into the driveway of the residence and enter the home. During the next 49 minutes, officers observed numerous

8

individuals come and go for short periods of time, which is consistent with drug activity. In one instance, at approximately 3:51 p.m., agents observed a black SUV pull into the driveway of 1888 Miles Road. A young black male carrying a backpack exited the SUV and entered the residence. After approximately 20 minutes, the young black male returned to his SUV carrying the backpack and exited the driveway.

23. A Springfield Township police officer subsequently conducted a traffic of the SUV. Although the driver initially failed to stop, he eventually complied. The officer searched the driver's person and seized four Ziploc-style bags labeled "Biscotto," which contained marijuana.

24. On August 16, 2023, agents conducted a second trash pull at 1888 Miles Road, and seized nine large vacuumed-sealed bags with two additional plastic bags. The vacuumed-sealed bags contained marijuana odor and some of them contained marijuana residue. Some of the bags were labeled "MAC1," which I believe to be a category of marijuana supplied by LIU to PEEPLES.

25. On October 11, 2023, agents conducted a third trash pull at 1888 Miles Road, and seized approximately twenty-one large vacuumed-sealed bags along with additional smaller plastic bags. The vacuumed-sealed bags contained marijuana odor and some of them contained  marijuana residue.

25. Based on the above, there is probable cause to believe that PEEPLES engages in drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and 846. There is also probable cause to believe that PEEPLES uses 1888 Miles Road to store drugs and otherwise further his drug trafficking activities. PEEPLES came from and returned to 1888 Miles Road

9

immediately before and after suspected drug transactions and officers seized paraphernalia consistent with marijuana trafficking from multiple trash pulls.

26.     Based on my training and experience, I know that drug traffickers use multiple, different vehicles to conceal, transport and distribute narcotics.  As set forth above, there is probable cause to believe that PEEPLES used the Target Corvette to transport narcotics on two separate occasions.  I have also observed PEEPLES drive the Target Escalade.  Because PEEPLES likely used the Target Corvette to further his drug trafficking activities, it is also highly likely that he used the Target Escalade to further his drug trafficking activities.

27.     Finally, there is also probable cause to believe that PEEPLES uses 8588 Sunlight Drive to further his drug trafficking activities.  Specifically, there is probable cause to believe that PEEPLES used 8588 Sunlight Drive to receive a marijuana shipment from LIU.  8588 Sunlight Drive is also used by PEEPLES as his residence for a Cash App account.  Based on my training and experience, I know that Cash App is commonly used by drug traffickers to deal with the financial aspects of drug transactions.  On June 23, 2023, PEEPLES used his Cash App account to pay LIU $5,000.

## AUTHORIZATION REQUEST

28.      Based on the foregoing, I request that the Court issued the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.

29.     Based upon the foregoing, there is probable cause to believe that the items listed in Attachment B, which constitute evidence of a crime; contraband, fruits of a crime, or other items illegally possessed; and property designed for use, intended for use, or used

in committing a crime, concerning violations of 21 U.S.C. 841 and 846 will be found at the

property, described in Attachments A1-A5.

Respectfully submitted,

JACOB FORRESTER  Digitally signed by JACOB FORRESTER
Date: 2023.10.20 12:53:08 -04'00'

_____
Jacob T. Forrester
Special Agent
Drug Enforcement Administration

Sworn and subscribed to via reliable electronice means, specifically, FaceTime video conference on this _____20th_____ day of October 2023.

_Stephanie K. Bowman_
_____
Stephanie K. Bowman
United States Magistrate Judge

## ATTACHMENT A1
### (Property to be Searched)

This warrant authorizes the search of the residence located at 1888 Miles Road, Cincinnati, OH 45231, described as single-story single-family residence. The exterior of the residence is tan and the roof is tan. The residence includes a driveway on the left side of the residence.

The authorization to search includes any safes or other containers found, locked or unlocked; any storage areas, garages, or outbuildings, Ivan PEEPLES; and the front and rear yard areas. 1888 Miles Road, Cincinnati, OH 45231 is pictured below:



**ATTACHMENT B**
**(Property to be Seized)**

The items to be seized are evidence, contraband, fruits, and instrumentalities related to violations of 21 U.S.C. §§ 841(a)(1) and 846, including:

(a) Any and all controlled substances;

(b) Cash;

(c) Narcotics or money ledgers, customer lists of narcotics distributions, narcotic supplier lists, correspondence, notations, logs, receipts, journals, books, records and other documents (including computer disks) noting the price, quantity, and/or times when narcotics were obtained, transferred, sold, distributed, and/or concealed;

(d) Books, records, receipts, computer storage media, electronic information storage devices, printers, computers, bank statements and records, wire transfer records, money drafts, letters of credit, money order and cashier's check receipts, passbooks, bank checks, accounting of expenditures made and payments received, safe deposit box keys and records, money wrappers, rubber bands, money containers, safes, financial records, and notes showing payments, receipt, concealment, transfer, or movement of assets generated from the sale of false identifications and or narcotics;

(e) Cellular telephones, beepers, personal telephone and address books, listings, letters, cables, telegrams, telephone bills, including cellular telephone and beeper bills, fax messages, fax logs, telephone message records, telephone electronic storage devices, personal notes, photographs, calendars, diaries and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates in drug trafficking and money laundering activities;

(f) Financial instruments purchased with large amounts of currency derived from the sale of controlled substances and/or money laundering, including jewelry, vehicles, traveler's checks, bonds, stock certificates, cashier's checks, money orders, certificates of deposit, money counting machines, money wrappers, boxes, bags, briefcases, suitcases or containers used to carry currency or controlled substances;

(g) Drug paraphernalia, scales, measuring devices, weighing devices, cutting agents, glass ware, narcotics packaging materials, and other items used in relation to drug trafficking;

(h) Firearms, firearms magazines and attachments, and ammunition.

(i) Records, documents and deeds reflecting the purchase or lease of real estate, vehicles, or other items obtained with the proceeds of the sales of controlled substances and/or money laundering;

(j)   Records, items and documents reflecting travel for the purpose of participating in narcotics trafficking, including passports, airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to locations;

(k)   Photographs and electronic images, such as video recordings and tape recordings which document the association with other co-conspirators;

(l)   Indicia of occupancy, residency or ownership of the premises, namely, utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, and escrow documents.